IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERIC S. CLARK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE COUNTY OF FAIRFAX, )<br>VIRGINIA, <u>et al.</u>, )<br>)<br>Defendants. ) | 1:14cv00286 (LMB/JFA) |

MEMORANDUM OPINION

Plaintiff Eric S. Clark ("Clark" or "plaintiff") proceeding <u>pro se</u> has sued Fairfax County, Virginia ("the County") and three of its police officers, John H. Kim ("Kim"), T.B. Smith ("Smith"), and John Spata ("Spata")[1] in their individual and official capacities under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, and Fifth Amendment rights. All of Clark's claims arise from events on May 31, June 1, and June 3, 2012, when Clark was present at a protest of a meeting of the Bilderberg Group at the Westfields Hotel in Chantilly, Virginia.[2]

Specifically, Clark alleges that his First Amendment right to free speech and his Fourth Amendment right to be free from unreasonable seizure were violated by Kim when he arrested plaintiff

---

[1] The County, Kim, Smith, and Spata are referred to collectively as "defendants."

[2] The Bilderberg Group is a private organization composed of business people and politicians from around the world.

on May 31, 2012, and charged him with two Class 1 misdemeanors (stopping the vehicle of another to impede its progress and obstruction of justice) under Va. Code Ann. §§ 46.2-818 and 18.2-460. Motion to Dismiss at Ex. B. As to Officer Smith, Clark alleges that on June 1, 2012, Smith unlawfully stopped him and issued a traffic summons for making an illegal stop on a highway. Id. at Ex. C. As to Officer Spata, Clark alleges that on June 3, 2012, Spata unlawfully arrested and charged him with the Class 1 misdemeanor of disorderly conduct under Va. Code Ann. § 18.2-415. Id. at Ex. D. Clark sues the County on the basis that it maintains a policy and practice of allowing its police officers to violate the rights of lawfully protesting citizens. Clark also claims that County police seized his bull horn in violation of his due process rights under the Fifth Amendment.[3]

All defendants have moved to dismiss Clark's complaint ("the complaint" or "the pending complaint") under Fed. R. Civ. P. 12(b)(6) on the grounds that the allegations in the complaint, as well as those in a previous complaint filed in this court in 2013 ("the 2013 complaint"), even when construed in favor of the plaintiff, clearly

---

[3] Defendants argue that the Court does not have subject matter jurisdiction over this claim because the County has not waived its sovereign immunity as to such claims and that Clark has an adequate state court remedy for any loss of personal property that he has failed to pursue. For this reason, the Court will dismiss Clark's Fifth Amendment claim without prejudice to allow him to pursue that claim in state court.

2

show that the defendant officers had probable cause to take the actions at issue and also fail to allege specific improper intent. The County also argues that plaintiff has not alleged any facts supporting a practice and policy claim.

## I. BACKGROUND

Defendants attached as Exhibit A to their Motion to Dismiss a copy of the 2013 complaint, which named as defendants the same four defendants in this action,[4] as well as two county judicial officers, four other Fairfax County police officers, and thirty John Does. Plaintiff sought $30 million in compensatory and $1 billion in punitive damages, along with injunctive relief in the 2013 complaint.

The 2013 complaint was summarily dismissed without prejudice. Plaintiff appealed that decision. In a per curiam decision, the Fourth Circuit summarily affirmed the dismissal, finding that the County was entitled to sovereign immunity, that "Clark's First and Fourth Amendment claims are belied by the record," and that "Clark's remaining claims are likewise meritless." Clark v. Cnty. of Fairfax, Va., 554 F. App'x 171, 171-72 (4th Cir. 2014). Plaintiff did not seek rehearing or further pursue his appeal.

On March 19, 2014, Clark filed the pending complaint, which is nothing more than a reduced version of the 2013 complaint. Clark has lowered the number of defendants to the four named above, and

---

[4] Kim, Smith, and Spata are sued in both suits in their individual and official capacities.

3

seeks only $7 million in compensatory and $21 million in punitive damages; however, in all other material respects, the allegations in the pending complaint as to these four defendants are the same as those pleaded in the 2013 complaint.

Defendants rely upon the allegations in the 2013 complaint attached to their Motion to Dismiss to point out the immaterial changes Clark has made in the pending complaint and to argue by inference that the allegations in the pending complaint are just as meritless now as they were found to be by the Fourth Circuit.

## II. MOTION TO STRIKE

Clark has moved to strike the 2013 complaint on the ground that defendants cannot rely on a document external to the pending complaint, arguing that "an incorporation of documents into a plaintiff's complaint may only be that of other documents entered into [the] record of the instant case by the plaintiff." Brief in Support of Motion to Strike Defendant's [sic] Pleadings at 2 (emphasis in original).

As defendants correctly respond, that view of the law is erroneous. The 2013 complaint is a public record of which the Court may properly take judicial notice. Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006) (citing Blue Tree Hotels v. Starwood Hotels & Resorts, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints . . . in deciding a motion to dismiss")); Gasner v. Cnty. of Dinwiddie,

4

162 F.R.D. 280, 282 (E.D. Va. 1995) (holding that "when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment. . . . This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' [sic] claims"). Moreover, the 2013 complaint is explicitly referenced by Clark in the pending complaint when he states that "[a] prior complaint was filed in May of 2013 which was dismissed without prejudice on August 15, 2013. Additional fact finding has occurred since that time." Compl. at 3.

### III. CLAIM PRECLUSION

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). By "precluding parties from contesting matters that they have had a full and fair opportunity to litigate," claim preclusion minimizes "the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (internal quotations omitted); Union Carbide Corp. v. Richards, 721 F.3d 307, 314 (4th Cir. 2013).

Claim preclusion requires (1) a final judgment on the merits in an earlier suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted), cert. denied, 523 U.S. 1072 (1998).

Here, there was a final judgment on the merits in the lawsuit Clark brought in 2013 against the County, Kim, Smith, and Spata, among others. This court dismissed the 2013 complaint "without prejudice" to allow Clark to "prepare a proposed Amended Complaint that sets forth facts demonstrating a plausible set of facts showing individual liability for each party sued," which in turn required "allegations that the officers did not reasonably rely on standard operating procedures and that their conduct violated those clearly established rights, of which a reasonable person would have known."[5] Dkt. No. 33 (Order), Clark v. The Cnty. of Fairfax, Va., et al., Civil Action

---

[5] Clark attempted to correct the defect in the 2013 complaint by making unsupported allegations in the pending complaint. See Complaint at ¶¶ 31 ("Officer John H. Kim did not follow standard operating procedures in deciding to effect an arrest of the plaintiff."), 44 ("Officer T. B. Smith did not follow standard operating procedures in deciding to effect a traffic stop of the plaintiff."), 52 ("Officer John Spata did not follow standard operating procedures in deciding to effect an arrest of the plaintiff."). Although properly pleaded factual allegations must be accepted as true and construed in the light most favorable to the plaintiff on a motion to dismiss, conclusory allegations are insufficient. Doe v. Virginia Dep't of State Police, 713 F.3d 745, 754 (4th Cir. 2013) cert. denied, 134 S. Ct. 1538 (2014).

No. 1:13cv00616 (GBL/JFA) (Aug. 15, 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Shaw v. Stroud, 13 F.3d 791, 801 (4th Cir. 1994)).

Rather than filing an amended complaint, Clark appealed to the Fourth Circuit, which affirmed the dismissal of the 2013 complaint and expressly found that the County is entitled to sovereign immunity, that "Clark's First and Fourth Amendment claims are belied by the record," and that "Clark's remaining claims are likewise meritless." Clark, 554 F. App'x at 171-72 (emphasis added).

There is also an identity of the parties in the two suits, the one Clark brought in 2013 and the pending action. In both suits, Clark is the plaintiff and the County, Kim, Smith, and Spata are named defendants.

Finally, the causes of action or claims asserted in both suits are the same. In both the 2013 complaint and the pending complaint, Clark claims that Kim took him into custody and charged him with two misdemeanors on May 31, 2012, in violation of his First and Fourth Amendment rights. Compare 2013 Complaint at ¶¶ 29 ("The plaintiff was search[ed] by a number of officers and was then taken into the custody of police officer John H. Kim."), 35, and page 26 ("Causes of Action") (claiming that Kim violated the First and Fourth Amendments) with Complaint at ¶ 60 ("COUNT I - FALSE ARREST (UNLAWFUL SEIZURE) AND IMPRISONMENT") ("On May 31, 2012, officer John H. Kim, without due process of law, unlawfully arrested and imprisoned the

7

Plaintiff, and acting contrary to law, did falsely imprison the Plaintiff, depriving him of his liberty and, in so doing, violated the First and Fourth Amendment rights of the plaintiff.") and page 19 ("The conduct of officer John H. Kim violated clearly established constitutional rights of which a reasonable person would have known including the First and Fourth Amendment.").

Similarly, Clark alleges in both complaints that Smith conducted an unreasonable seizure and infringed his First Amendment right to free speech on June 1, 2012. Compare 2013 Complaint at ¶¶ 47 (alleging that Smith "provided a summons to the plaintiff . . . , which indicated that the plaintiff had made an illegal stop on the highway"), 49-51, 53 (alleging that Clark's "speech was infringed upon by officer T. B. Smith"), 54, and page 27 ("Causes of Action") (claiming that Smith violated the First and Fourth Amendments) with Complaint at ¶¶ 42 ("[P]laintiff was then stopped by Fairfax County officer T.B. Smith and was charged with making an illegal stop on the highway. The officer plainly had no reasonable suspicion for seizing the plaintiff or charging the plaintiff with any crime."), 44, 63 (COUNT II – FALSE ARREST (UNLAWFUL SEIZURE) AND IMPRISONMENT) ("On June 1, officer T.B. Smith, without due process of law, unlawfully arrested and imprisoned the Plaintiff, and acting contrary to law, did falsely imprison the Plaintiff, depriving him of his liberty and, in so doing, violated the First and Fourth Amendment rights of the plaintiff.").

8

As to Spata, Clark alleges in both the 2013 complaint and the pending complaint that he violated plaintiff's First and Fourth Amendment rights when he cited Clark for disorderly conduct on June 3, 2012. Compare 2013 Complaint at ¶¶ 73 ("When the plaintiff maneuvered over an obstacle that was in the crosswalk area, he was grabbed by police officer John Spata. The plaintiff waited for the officer to let go. When the plaintiff determined that police officer John Spata was not letting go, the plaintiff raised his hands and requested that the officer stop assaulting. The plaintiff was then arrested without cause and imprisoned. Officer John Spata later charged the plaintiff with disorderly conduct."), 86 ("Regarding the disorderly conduct charged against the plaintiff by police officer Spata on June 3, 2012, . . ."), and page 27 ("Causes of Action") (claiming that Spata violated the First and Fourth Amendments) with Complaint at ¶¶ 51 ("Immediately after maneuvering over the obstacle, the plaintiff was grabbed and arrested by police officer John Spata"), 66 ("COUNT III - FALSE ARREST (UNLAWFUL SEIZURE) AND IMPRISONMENT") ("On June 3, 2012, officer John Spata, without due process of law, unlawfully arrested and imprisoned the Plaintiff, and acting contrary to law, did falsely imprison the Plaintiff, depriving him of his liberty and, in so doing, violated the First and Fourth Amendment rights of the plaintiff.").

Because the Fourth Circuit clearly found no merit in the claims pleaded in the 2013 complaint and there is no material difference

9

between those claims and the claims asserted in the pending complaint, Clark's claims in this action are barred by the doctrine of claim preclusion.

### IV. CONCLUSION

For the reasons stated above, defendants' motion to dismiss will be granted and plaintiff's motion to strike will be denied by an appropriate Order accompanying this Memorandum Opinion.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record and plaintiff pro se at his address of record.

Entered this 21st day of July, 2014.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge